NUMBER 13-99-698-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RICHARD LEE GODDAR
D, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________




 On appeal from the 36th District Court

of Aransas County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez



Opinion by Justice Chavez



 Appellant, Richard Lee Goddard, was convicted in a trial before the
court of failure to appear(1) for not showing up for trial in an aggravated
sexual assault case pending against him. On appeal he challenges the
legal and factual sufficiency of the evidence. We affirm.

 In his first and second points of error, appellant challenges the
legal and factual sufficiency of the evidence. In a factual sufficiency
review, a reviewing court sets aside the verdict only if it is so contrary
to the weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In a legal
sufficiency review, the reviewing court views the evidence in the light
most favorable to the verdict to determine whether a rational trier of fact
could have found the essential elements of the crime beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). 

 If a person lawfully released from custody, with or without bail, on
condition that he subsequently appear, intentionally or knowingly fails
to appear in accordance with the terms of his release he has committed
the offense of failure to appear. Tex. Pen. Code Ann. § 38.10. Evidence
against appellant included the testimony of the bail bondsman who was
a surety on the bail bond, testimony by the special prosecutor pro tem
who prosecuted appellant's aggravated sexual assault case, testimony
by the bailiff who was present for the prosecution of appellant's
aggravated sexual assault case, and documentation that the bail
bondsman had to pay to have appellant returned from Nogales, Arizona
to stand trial.

 Appellant argues that he did not have to appear for trial because
he could only be proven guilty of a lesser included offense of aggravated
sexual assault, but provides us with no case law to support this
argument. We find no authority to support the argument that the
potential inability of the State to prove the crime charged in the
indictment provides an exception to the failure to appear section of the
penal code and permits a defendant not to show up at trial and to leave
the state. Appellant could more properly have filed a motion to quash(2)
or simply appeared and defended himself against the crime charged. 
We overrule appellant's challenges to the legal and factual sufficiency
of the evidence.

 We AFFIRM the judgment of the trial court.


 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 2nd day of November, 2000.

 


1. Tex. Pen. Code Ann. § 38.10 (Vernon 1994).
2. See Tex. Code Crim. P. art. 28.05.